IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL DeFAZIO<br>1071 Old Ford Road<br>Huntingdon Valley, PA 19066<br>                  Plaintiff<br><br>vs.<br><br>BANK OF AMERICA, N.A.<br>4 Penn Center Plaza, 1600 J.F.K. Boulevard<br>Philadelphia, PA 19103<br><br>and<br><br>BANK OF AMERICA CORPORATION<br>4 Penn Center Plaza, 1600 J.F.K. Boulevard<br>Philadelphia, PA 19103<br><br>and<br><br>FIA CARD SERVICES, N.A.<br>4 Penn Center Plaza, 1600 J.F.K. Boulevard<br>Philadelphia, PA 19103<br>                  Defendants | CIVIL ACTION<br><br>NO. 14-cv-02087(AB) |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

2. The TCPA broadly prohibits any person from placing calls and text messages using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone.

3. Defendant harassed Plaintiff with repeated autodialed collection calls to Plaintiff's cell phone, in violation of the TCPA.

**II.     JURISDICTION AND VENUE**

4.     This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5.     Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendant transacts business here.

**III.    PARTIES**

6.     Plaintiff Rachel DeFazio is a natural person who resides in Huntingdon Valley, Pennsylvania at the address captioned.

7.     Defendant Bank of America, N.A. is a national association with its main office in Charlotte, NC, and a branch office at 4 Penn Center Plaza, 1617 JFK Boulevard, Philadelphia, PA 19103.

8.     Defendant, Bank of America Corporation is a Delaware corporation that maintains a corporate headquarters in Charlotte, NC, and operates a branch office at 4 Penn Center Plaza, 1617 JFK Boulevard, Philadelphia, PA 19103.

9.     Defendant FIA Card Services, N.A. is a national association that maintains corporate headquarters in Wilmington, DE, and is a wholly-owned subsidiary of Defendant Bank of American Corporation, with a branch office at 4 Penn Center Plaza, 1617 JFK Boulevard, Philadelphia, PA 19103.

10.    Defendants, Bank of America, N.A., Bank of America Corporation, and FIA Card Services, N.A. are collectively referred to herein as ("Bank of America" or "Defendants").

11.    Bank of America at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## IV. STATEMENT OF CLAIM

12. Plaintiff Rachel DeFazio has a cellular telephone number (ending in 6570) which she carries on her person and regularly uses.

13. At all relevant times, this phone number was assigned to a cellular telephone service Plaintiff used and paid for.

14. Beginning in about 2008, and continuing to through 2010 and beyond, Bank of America began placing calls to Plaintiff's cellular telephone number in the effort to collect an old Bank of America credit account.

15. The alleged credit account was used for primarily personal, family or household use.

16. Bank of America placed hundreds of calls to Plaintiff's cell phone beginning around 2008.

17. When answered, there would be a long pause or a recording, consistent with an automated telephone dialing system.

18. It is believed, and therefore averred, that the calls made by Bank of America to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

19. Bank of America did not have the "prior express consent" that is required by the TCPA.

20. At one point in 2008, Plaintiff wrote a letter to Bank of America demanding that Defendant stop calling her cell phone number.

21. Despite Plaintiff's instructions to cease calling her cell phone, Defendants continued to place auto-dialed calls to her cellular phone without her consent.

22.     These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

23.     On December 6, 2007, the Federal Communications Commission ("FCC") issued a citation to Bank of America for violations of the TCPA, admonishing Bank of America that "[i]f after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation." FCC Citation to Bank of America, NA, Dec. 6, 2007, *available at* http://fjallfoss.fcc.gov/edocs_public/attachmatch/DOC-302755A1.pdf

24.     Notwithstanding its prior violations and FCC's citation, Defendants continued to place prohibited calls to Plaintiff's cell phone without her prior express consent.

25.     Defendant willfully placed these auto-dialed calls to Plaintiff without Plaintiff's consent.

### COUNT I – TELEPHONE CONSUMER PROTECTION ACT

26.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

27.     Defendant has violated the TCPA, 47 U.S.C. § 227 et seq., and its implementing Regulation at 47 C.F.R. § 64.1200 et seq., by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

28. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to her cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Bank of America, N.A., Bank of America Corporation and FIA Card Services, N.A. for the following:

      (a)    Statutory damages for each call, pursuant to the TCPA;

      (b)    A declaration that Defendant's calls violate the TCPA;

      (b)    Such other and further relief as the Court shall deem just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/11/14

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**Attorneys for Plaintiff**